UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL S. SOSBY,

    Petitioner,     Case Number 20-11343
                                           Honorable David M. Lawson

v.

MIKE BROWN,

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

On May 5, 2020, petitioner Marshall S. Sosby filed a *pro se* "Emergency Petition for Writ of Habeas Corpus, Application for Temporary Restraining Order, and Complaint for Injuncti[v]e Relief." ECF No. 1. On the same day, Sosby filed a motion for waiver of fees and costs, ECF No. 2, and a motion for appointment of counsel. ECF No. 3. He seeks immediate release from custody under the Fifth and Fourteenth Amendments to the United States Constitution. Because the proper venue for this case is the United States District Court for the Western District of Michigan, the Court will transfer this case to the Western District of Michigan.

Sosby is a state prisoner at the Kinross Correctional Facility in Kincheloe, Michigan where respondent Mike Brown is the acting warden. Sosby's incarceration is the result of an unspecified conviction obtained in the Lenawee County Circuit Court in 2008. He alleges that he is serving a sentence of thirty-three years, three months, to life imprisonment.

But Sosby is not challenging his conviction. Instead, he claims that his continued incarceration poses a risk of severe illness or death, given the global COVID-19 pandemic. He contends that his only defense against contracting COVID-19 is to practice social distancing and

proper hygiene, but these protective measures are exceedingly difficult to follow in a prison environment where he is in close contact with other prisoners and staff.  He also contends that there is no communal prison where he can be safely incarcerated during the COVID-19 pandemic and, therefore, his claim should be considered a challenge to the continued validity of confinement.  He asks to be released to the care of his grandparents in Hudson, Michigan.

Sosby filed his habeas petition under 28 U.S.C. § 2241(c)(3), which states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  A preliminary question here is whether this federal district is the proper venue for Sosby's case.

Section 2242 of Title 28, United States Code, "straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *see also* 28 U.S.C. § 2243, which provides that "[t]he writ . . . shall be directed to the person having custody of the person detained."  Thus, "in habeas challenges to present physical confinement — 'core challenges' — the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435.  "[F]or core habeas petitions challenging present physical confinement [under section 2241], jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions").

Furthermore, "[i]t is well settled that the district courts have wide discretion to transfer an action to a different district or division, where it might have been brought, for the convenience of the parties and witnesses, in the interests of justice, pursuant to 28 U.S.C. § 1404(a)." *Hite v.*

*Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)). "In fact, 28 U.S.C. § 1404(a) does not require a motion; a district court may transfer a case sua sponte." *Carver v. Knox Cty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989) (footnote omitted).

Sosby's warden, respondent Mike Brown, performs his official duties at the Kinross Correctional Facility in Kincheloe, Michigan. Kincheloe is in Chippewa County, and Chippewa County lies within the geographical confines of the Federal Court in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). This Court, therefore, has no jurisdiction over respondent Brown.

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** this case to the Northern Division of the United States District Court for the Western District of Michigan. The Court has not adjudicated Sosby's motion for waiver of fees and costs, ECF No. 2, nor his motion for appointment of counsel. ECF No. 3.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: June 10, 2020